**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0821-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAHMELL W. CROCKAM,

    Defendant-Appellant.

_____

Submitted March 13, 2024 – Decided April 3, 2024

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 11-03-0471.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Howard Woodley Bailey, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Steven A. Yomtov, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jahmell W. Crockam appeals from an October 22, 2021 Law Division order denying his petition for post-conviction relief (PCR) alleging ineffective assistance of trial counsel without an evidentiary hearing. We affirm.

I.

This matter comes before us a second time. Defendant appealed from the denial of his first PCR petition. We affirmed in part and remanded in part because defendant's previous PCR counsel only addressed two of the eight claims asserted in defendant's pro se petition. We concluded PCR counsel did not meet the necessary requirements in his representation of defendant, and reversed the PCR court's denial of relief on the six claims that first PCR counsel did not list or incorporate in his brief, and which were not addressed by the PCR court. State v. Crockam, No. A-0617-18 (App. Div. Apr. 14, 2020).

To resolve the issues raised in this PCR appeal, we need not discuss the trial evidence, which is detailed in our unpublished opinions addressing PCR and on direct appeal affirming defendant's convictions and sentence for the first-degree murder of Officer Christopher Matlosz while performing his duties as a law enforcement officer, second-degree possession of a weapon, a handgun, for an unlawful purpose, and second-degree possession of a handgun. Defendant

was sentenced to an aggregate sentence of life imprisonment without parole, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. State v. Crockam, No. A-4400-12 (App. Div. Feb. 3, 2016).

On February 2, 2017, defendant filed a pro se petition for PCR alleging ineffective assistance of trial counsel. In his certification in support of PCR, defendant alleged he was denied the effective assistance of trial counsel because trial counsel did not: (1) challenge the warrant; (2) seek a cross-racial identification charge; (3) investigate to determine if certain witnesses received favorable "deals" for their testimony; (4) file a motion to dismiss the indictment; (5) produce his grandmother, father, and mother for the Wade[1] hearing; (6) file a motion to suppress all witnesses who identified him and made statements against him; (7) send an investigator to look into the photo that was sent out prior to his arrest; and (8) object when a Muslim witness was sworn by placing his hand on a Bible. Crockam, No. A-0617-18 (slip op. at 16-17).

As noted in our PCR opinion, defendant's first PCR counsel only addressed two of the eight claims in the supplemental brief: defense counsel (1) was deficient because counsel did not call defendant's grandmother and failed to obtain her cell phone records; and (2) failed to call defendant's grandmother

---

[1] United States v. Wade, 388 U.S. 218 (1967).

to show that five witnesses who testified against him were identified as a result of an illegal search of her cell phone.  Id. at 17.  First PCR counsel did not incorporate defendant's other six contentions in his brief, and the first PCR court did not address them.  Ibid.

On remand, we ordered the PCR court to assign new PCR counsel for defendant, allow PCR counsel to submit supplemental certifications and another brief, and permit the State to respond.  Id. at 18.  We also ordered the PCR court to conduct oral argument on the petition and determine if defendant presented a prima facie case of ineffective assistance of counsel.  Ibid.

Following our remand, on September 24, 2021, Judge Steven F. Nemeth conducted oral argument and reserved decision.  Upon considering the parties' briefs and arguments, the judge entered an order accompanied by a comprehensive twenty-five-page written decision denying defendant's PCR petition alleging ineffective assistance of trial counsel without an evidentiary hearing.

As a threshold matter, with respect to PCR counsel's obligations under Rule 3:22-6(d),[2] Judge Nemeth found that second PCR counsel listed and

---

[2] Rule 3:22-6(d) provides:

incorporated defendant's pro se claims in her brief, and thus, met the requirements set forth in State v. Webster, 187 N.J. 254 (2006).  In accordance with our mandate, the judge then considered each of defendant's pro se claims not previously adjudicated by the first PCR court.

With regard to defendant's first claim—that trial counsel failed to challenge the search warrant—Judge Nemeth found that defendant had previously raised this PCR claim and was thus procedurally barred under Rule 3:22-5.[3]  The claim was premised on the lack of a warrant and consent to obtain information from defendant's grandmother's cell phone; and because the search

Substitution:  Withdrawal of Assigned Counsel.  The court shall not substitute new assigned counsel at the request of defendant while assigned counsel is serving, except upon a showing of good cause and notice to the Office of the Public Defender.  Assigned counsel may not seek to withdraw on the ground of lack of merit of the petition.  Counsel should advance all of the legitimate arguments requested by the defendant that the record will support.  If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference.  Pro se briefs can also be submitted.

[3] Rule 3:22-5 states:  "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this [R]ule or prior to the adoption thereof, or in any appeal taken from such proceedings."

A-0821-21

was unlawful, defendant contended the statements of the individuals allegedly identified from her cell phone warranted suppression.

However, as Judge Nemeth pointed out, the first PCR court had already determined that defendant failed to provide sufficient evidence to support his claim that trial counsel was deficient for not challenging the search and seizure of the cell phone, because no affidavits were submitted to support the claim that these individuals were identified through the search of the cell phone.

Judge Nemeth noted that defendant only supplied an unsworn statement from his grandmother alleging that she did not provide the police with permission to search her cell phone and that her unsworn statement did not mention whether the police obtained witness information as a result of the search. Based upon this proffer, the first PCR judge had concluded that defendant's claim amounted to a mere bald assertion, which did not entitle him to an evidentiary hearing. We affirmed on direct appeal. Crockam, No. A-0617-18, slip op. at 13-15.

As for defendant's second claim—that trial counsel failed to seek a cross-racial identification jury charge—Judge Nemeth found that the charge was given and this claim lacked merit. Thus, Judge Nemeth ruled that "[t]he trial record clearly shows that a cross-racial identification charge was provided to the jury,"

6

and therefore, "trial counsel could not have been ineffective even if he did not request one."

With regard to defendant's third claim—that trial counsel failed to investigate whether certain witnesses[4] received favorable "deals" for their testimony—Judge Nemeth found this was "a mere bald assertion" because no certifications or affidavits detailing what an investigation would have revealed were submitted with the petition. Judge Nemeth noted plea agreements are a matter of public record in this State, and the fact that defendant failed to provide any record of the purported deals made by the State with these witnesses "speaks volumes."

Judge Nemeth found this deficiency in defendant's proofs amounted to a "clear and convincing indication that no such 'deals' could have been used to impeach any witnesses." In addition, the judge highlighted there were other witnesses at trial who testified defendant had admitted to them that he murdered Officer Matlosz. Thus, Judge Nemeth concluded that defendant failed to provide any explanation how such "deals," if they were made, refuted the testimony of these other witnesses.

---

[4]  Presumably, these witnesses are Darius Johnson, Ronnie Crippen, Tonya Cook, and Corey Rua as identified in defendant's initial pro se PCR petition.

A-0821-21

As to defendant's fourth claim—that trial counsel failed to file a motion to dismiss the indictment—Judge Nemeth found this claim was previously raised in the first PCR petition. Specifically, defendant asserted that the information used by the State before the grand jury was discovered as a result of the purported unlawful search of the cell phone, which amounted to the same argument raised in defendant's first PCR claim. Because the first PCR judge had already determined that defendant failed to provide sufficient evidence to support this contention—that trial counsel was deficient by not challenging the search and seizure of the cell phone—Judge Nemeth determined that defendant's fourth claim was procedurally barred under Rule 3:22-5.

As for defendant's fifth claim—that his trial counsel failed to produce his grandmother, father, and mother for the Wade hearing—Judge Nemeth found this was another bald assertion because defendant "fail[ed] to allege any specificity with respect to how trial counsel was ineffective in this context." In particular, the judge noted that defendant did not submit any affidavits or certifications indicating what testimony these individuals would have given at the Wade hearing.

As to defendant's sixth claim—that trial counsel failed to file a motion to suppress the testimony of witnesses who identified him—Judge Nemeth found

A-0821-21

this claim was previously raised before the first PCR court and was thus procedurally barred under Rule 3:22-5. According to Judge Nemeth, the first PCR court had already determined that defendant failed to provide sufficient evidence in support of his claim that trial counsel was purportedly deficient in not challenging the search and seizure of the grandmother's cell phone and this claim was procedurally barred.

As for defendant's seventh claim—that his trial counsel failed to investigate the photo of him that was disseminated prior to his arrest—again, Judge Nemeth found this was merely a bald assertion because defendant failed to provide an affidavit or certification in support of his claim and advanced no argument regarding what an investigation would have revealed.

Finally, with regard to defendant's eighth claim—that counsel failed to object when a witness, who was purportedly Muslim, was sworn in by placing his hand on a Bible—Judge Nemeth found that defendant neither presented proofs nor made any argument in support of this claim. The judge also found defendant failed to establish that such a purported "error" would have materially affected the outcome of the trial. This appeal followed.

Before us, defendant raises the following sole point with subparts for our consideration:

THE [PCR] COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS, AND PETITIONS FOR [PCR].

B. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO REQUEST A MORE SPECIFIC JURY CHARGE ON CROSS-RACIAL IDENTIFICATION.

II.

We begin our analysis by acknowledging the legal principles governing this appeal. PCR serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. Ibid. To sustain this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey). "That is, the defendant must establish, first, that 'counsel's representation fell below an objective standard of reasonableness' and, second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688).

When assessing Strickland's first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." 466 U.S. at 669. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999). Thus, a trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

A-0821-21

Under Strickland's second prong, the defendant must show "the deficient performance prejudiced the defense." Id. at 687. That is, "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome." Id. at 693. Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if [it] had no effect on the judgment." Id. at 691.

Further, "[a]ny factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c); see State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462-63. The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Rather, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant

is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted).

The PCR court should grant an evidentiary hearing only when: "(1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Porter, 216 N.J. 343, 354 (2013)).

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013). However, "we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58).

Rule 3:22-5 provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any [PCR] proceeding, . . . or in any appeal taken from such

13

proceedings." "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Preciose, 129 N.J. at 476 (citing R. 3:22-5 ). "[A] defendant may not use a petition for [PCR] as an opportunity to relitigate a claim already decided on the merits." State v. McQuaid, 147 N.J. 464, 483 (1997) (citation omitted).

Based on our review of the record and applicable law, we are satisfied that defendant failed to make a prima facie showing of ineffectiveness of trial counsel under the Strickland/Fritz test warranting an evidentiary hearing. Defendant's arguments raised on appeal were more than adequately addressed by the PCR judge and do not warrant additional discussion. R. 2:11-3(e)(2). The claims were either procedurally barred or without substantive merit. We affirm substantially for the reasons articulated by Judge Nemeth in his thoughtful and thorough written opinion. We add the following comments.

Defendant alleges trial counsel was ineffective in failing to request a cross-racial identification charge that conformed with State v. Henderson, 208 N.J. 208, 267 (2011). "A cross-racial identification occurs when an eyewitness is asked to identify a person of another race." Id. (quoting State v. Cromedy, 158 N.J. 112, 120 (1999)). "[T]he purpose of a cross-racial instruction is to alert

14

the jury through a cautionary instruction that it should pay close attention to a possible influence of race." Cromedy, 158 N.J. at 133; id. at 120-23 (recognizing that a witness may have more difficulty making a cross-racial identification). A cross-racial identification charge is appropriate "whenever cross-racial identification is an issue at trial." Henderson, 208 N.J. at 299.

The former Model Jury Charge for cross-racial identification provided:

> The fact that an identifying witness is not of the same race as the perpetrator and/or defendant, and whether that fact might have an impact on the accuracy of the witness' original perception and/or the accuracy subsequent identification. You should consider that ordinary human experience of people have greater difficulty in accurately identifying members of a different race.

> [(Emphasis added).]

In contrast, the new Model Jury Charge on cross-racial identification changed "ordinary human experience" to "research has shown."

Here, the trial court appropriately gave the cross-racial identification charge that was then used in the Model Jury Charge. The Henderson Court clearly explained that its decision changing the Model Jury Charge on cross-racial identification would apply to "future cases only" and the ruling would take effect "thirty days from the date [the Court] approves new [M]odel [J]ury [C]harges on eyewitness identification." Henderson, 208 N.J. at 302.

15

At the time of defendant's trial, our Court had not yet approved the new charge, and when the Court did so—six months after defendant's trial—the new charge was to be applied prospectively.[5] Moreover, the revised cross-racial identification charge is not "drastically different" from the former charge as defendant contends. Indeed, the only real difference between the two charges is the former Cromedy charge refers to "ordinary human experience," and the revised Henderson charge notes "research has shown" to describe the "greater difficulty in accurately identifying members of a different race." And, there was corroborating evidence here based on defendant's own statements to a number of individuals that he had shot and killed an officer, coupled with being identified by multiple witnesses. Thus, trial counsel was not ineffective, and defendant has not shown prejudice under either Strickland/Fritz prong.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Henderson was decided on August 24, 2011. Defendant's trial concluded on March 22, 2012. The new Model Jury Charge became effective on September 4, 2012.

A-0821-21